UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALERIE HALEY,

                Plaintiff(s),

v.

TOMMY BAHAMA GROUP INC,

                Defendant(s).

CASE NO. 2:25−cv−01969−BJR

## I. INITIAL SCHEDULING DATES

The Court sets the following dates for initial disclosures and submission of the Joint Status Report and Discovery Plan:

| | |
|---|---|
| Deadline for FRCP 26(f) Conference: | 11/12/2025 |
| Initial Disclosures Pursuant to FRCP 26(a)(1): | 11/19/2025 |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Civil Rule 26(f): | 11/26/2025 |

The deadlines above may be extended only by the Court. Any request for an extension should be made by email to the Courtroom Deputy Clerk at natalie_wood@wawd.uscourts.gov. The parties are directed to meet and confer before contacting the Court to request an extension.

In matters that are exempt from initial disclosures, the parties must jointly prepare and submit a Joint Proposed Case Plan, indicating whether the matter may be resolved via dispositive motions or case briefs and proposing a schedule for the filing of

ORDER REGARDING INITIAL DISCLOSURES, JOINT
STATUS REPORT, AND EARLY SETTLEMENT – 1

such motions or case briefs, oppositions, and replies. The case plan must also contain a statement regarding the posibility of settlement and propose a method to explore settlement. In these types of cases, the Joint Proposed Case Plan shall be filed on the docket and submitted to the court via email within **THIRTY (30) days** of the latest answer deadline, even if dispositive motions are pending.

## II. JOINT STATUS REPORT & DISCOVERY PLAN

All counsel and any pro se parties are directed to confer and provide the Court with a combined Joint Status Report and Discovery Plan (the "Report") by 11/26/2025. This conference shall be by direct and personal communication, whether that be a face–to–face meeting or a telephonic conference. The Report will be used in setting a schedule for the prompt completion of the case. It must contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the case.
2. A proposed deadline for joining additional parties.
3. The parties have the right to consent to assignment of this case to a full time United States Magistrate Judge, pursuant to 28 U.S.C. §636(c) and Local Rule MJR 13 to conduct all proceedings. The Western District of Washington assigns a wide range of cases to Magistrate Judges. The Magistrate Judges of this district thus have significant experience in all types of civil matters filed in our court. Additional information about our district's Magistrate Judges can be found here – www.wawd.uscourts.gov/judges. The parties should indicate whether the agree that the Honorable Michelle L. Peterson may conduct all proceedings including trial and the entry of judgment. When responding to this question, the parties should only respond "yes" or "no". Individual party responses should not be provided. A "yes" response should be indicated only if all parties consent. Otherwise, a "no" response should be provided.

4. A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items set forth in Fed. R. Civ. P. 26(f)(3), which includes the following topics:

  (A) initial disclosures;

  (B) subjects, timing, and potential phasing of discovery;

  (C) electronically stored information;

  (D) privilege issues;

  (E) proposed limitations on discovery; and

  (F) the need for any discovery related orders.

5. The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26 (f)(1), which includes the following topics:

  (A) prompt case resolution;

  (B) alternative dispute resolution;

  (C) related cases;

  (D) discovery management;

  (E) anticipated discovery sought;

  (F) phasing motions;

  (G) preservation of discoverable information;

  (H) privilege issues;

  (I) Model Protocol for Discovery of ESI; and

  (J) alternatives to Model Protocol.

6. The date by which discovery can be completed.

7. Whether the case should be bifurcated by trying the liability issues before the damages isssues, or bifurcated in any other way.

8. Whether the pretrial statements and pretrial order called for by Local Civil

1  Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part
2  for the sake of economy.

3      9.  Any other suggestions for shortening or simplifying the case.

4      10.  The date the case will be ready for trial.

5      11.  Whether the trial will be jury or non–jury.

6      12.  The number trial days required.

7      13.  The names, addresses, and telephone numbers of all trial counsel.

8      14.  The dates on which trial counsel may have complications to be
9  considered in setting a trial date.

10     15.  If, on the date of the report, all defendant(s) or respondent(s) have
11  not been served, counsel for the plaintiff shall advise the Court when service will
12  be effected, why it was not made earlier, and shall provide a proposed schedule
13  for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.

14     16.  Whether any party wishes a scheduling conference before the Court
15  enters a scheduling order in the case.

16     17.  List the date(s) that each and every nongovernmental corporate party filed
17  its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Civil Rule 7.1.

18     If the parties are unable to agree on any part of the Report, they may answer in
19  separate paragraphs. No separate reports are to be filed. If the parties wish to have
20  a status conference with the Court at any time during the pendency of this action,
21  they should notify the Courtroom Deputy Clerk by email at
22  natalie_wood@wawd.uscourts.gov.

### III. PLAINTIFF'S RESPONSIBILITY

24     This Order issued at the outset of the case, and a copy is sent by the clerk to
25  counsel for plaintiff and any defendants who have appeared. Plaintiff's counsel is directed
26  to serve copies of this Order on all parties who appear after this Order is filed.

1  Such service shall be accomplished within ten (10) days after each appearance.
2  Plaintiff's counsel will be responsible for starting the communications needed to
3  comply with this Order.

#### IV. ALTERATIONS TO ELECTRONIC FILING PROCEDURES AND COURTESY COPIES

Information and procedures for electronic filing can be found on the Western District of Washington's website at www.wawd.uscourts.gov. Pro se litigants may file either electronically or in paper form. JUDGE ROTHESTEIN DOES NOT accept COURTESY COPIES OF PLEADINGS. In addition, unless the proposed order is stipulated, agreed, or otherwise uncontested, the parties need not e−mail a copy of the order to Judge Rothstein's e−mail address.

IT IS SO ORDERED: The 15th of October 2025.

*Barbara J. Rothstein*

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE